UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                Criminal Action No. 5:13cr30-5

ROCCI WADE,

        Defendant.

## **RECOMMENDATION THAT DEFENDANT'S PRETRIAL MOTIONS BE DENIED**

## **I. INTRODUCTION**

Defendant is one of five defendants in a nineteen count indictment plus forfeiture allegation charging offenses relating to the distribution of controlled substances. On September 3, 2013, Defendant file a Motion to Suppress Witness Statements (Doc. 57) and a Motion to Dismiss Counts Fourteen and Fifteen for Lack of Proof (Doc. 58). The United States filed a Response (Doc. 71) on September 13, 2013. On September 16, 2013, the Court held and evidentiary hearing and argument as to the motions. The government was present by Randolph J. Bernard, Esq. Defendant was present at the hearing with his counsel, Patricia V. Kutsch, Esq. No testimony or other evidence was presented.

## **II. DISCUSSION**

### **A. Motion to Suppress Witness Statements**

Defendant contends that witness statements linking him to the distribution of controlled substances should be suppressed because police utilized suggestive and coercive techniques in conducting the witness interviews. Defendant provides as an example a transcript of a witness interview in which police advise the witness that unless she cooperates by providing information,

1

she will be charged with a crime. Defendant concedes that this tactic is generally acceptable, but argues that where testimony obtained in this manner may contain sentence enhancing relevant conduct, such interviewing techniques impede the Defendant's right to a fair trial.

The United States maintains that Defendant's arguments relate to the credibility of potential trial witnesses and the weight of the evidence, neither of which are proper pretrial inquiries. Further, the United States argues that Defendant lacks standing to challenge the specific witness statement to which he referred in his Motion because that statement did not implicate Defendant.

"The Constitution...protects a defendant against a conviction based on evidence of questionable reliability, not by prohibiting introduction of the evidence, but by affording the defendant means to persuade the jury that the evidence should be discounted as unworthy of credit." *Perry v. New Hampshire*, 132 S.Ct. 716, 723 (2012). Suppression of such evidence is warranted "[o]nly when [it] 'is so extremely unfair that its admission violates fundamental conceptions of justice.'" *Id*. (quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990)). However, "the potential unreliability of a type of evidence does not alone render its introduction at the defendant's trial fundamentally unfair." *Perry*, 132 S.Ct at 728.

Here, Defendant asserts that witness statements obtained under coercive or suggestive circumstances should be suppressed whenever they contain evidence that may be used as relevant conduct to enhance a defendant's sentence. However, Defendant provides no authority to support this proposition. Defendant's reliance on *Perry* and *Manson v. Brathwaite*, 432 U.S. 98 (1997), is misplaced as those cases deal with pretrial identification procedures. Moreover, Defendant's contention that the Sixth Amendment "necessarily bars the use of 'suggestive circumstances leading the witness to identify a particular person as the perpetrator of a crime,'" lacks support in the case

law he cites. The Court in *Perry* expressly noted that "[a]n identification infected by improper police influence, our case law holds, is not automatically excluded. Instead, the trial judge must screen the evidence for reliability pretrial." *Perry*, 132 S.Ct. 716, 720. Further, even if this Court could suppress witness statements containing evidence of relevant conduct, Defendant has not identified exactly which statements implicate him in criminal activity. Instead, he merely offers as an example a statement concerning one of his co-defendants. Thus, even if this Court had the authority to screen the statements for reliability, Defendant has not presented statements containing any evidence of relevant conduct pertaining to him.

For the reasons stated above, the undersigned recommends Defendant's Motion to Suppress Witness Statements be **DENIED.**

**B. Motion to Dismiss Counts Fourteen and Fifteen for Lack of Proof**

Defendant argues that transcripts of the phone calls underlying the charges in counts fourteen and fifteen of the indictment, charging him with using a telephone to aid and abet the distribution of oxycodone, do not show beyond a reasonable doubt that Defendant was one of the participants on the phone calls or that the phone calls were related to the distribution of oxycodone. Accordingly, he argues those counts should be dismissed. The United States contends that the indictment passes constitutional muster because it is facially valid, and Defendant's arguments bear on questions of fact and the sufficiency of the evidence, which are premature at this stage in the proceedings.

The United States Supreme Court and the Fourth Circuit have consistently held that courts lack the authority to review the sufficiency of evidence underlying a facially valid indictment. *See, e.g., Costello v. United States*, 350 U.S. 359, 363 (1956) ("An indictment returned by a legally constituted and unbiased grand jury...if valid on its face, is enough to call for trial of the charge on

3

the merits."); *United States v. Mills*, 995 F.2d 480, 487-88 (4th Cir. 1993) ("[T]he Supreme Court's holdings under the Fifth Amendment's Indictment Clause teach that courts lack authority to review either the competency or sufficiency of evidence which forms the basis of an indictment."). To be facially valid, "an indictment must (1) indicate the elements of the offense and fairly inform the defendant of the exact charges and (2) enable the defendant to plead double jeopardy in subsequent prosecutions for the same offense." *United States v. Williams*, 152 F.3d 294, 299 (4th Cir. 1998). In general, an indictment that tracks the statutory language is sufficient. *United States v. Wills*, 346 F.3d 476, 489 (4th Cir. 2003).

Here, counts fourteen and fifteen of the indictment are facially valid because they track, almost verbatim, the language of 21 U.S.C. §843(b), the statute under which Defendant is charged in those counts. Further, they are sufficiently detailed to apprise Defendant of the exact charges against him because they list specific acts, along with locations and dates. *See United States v. American Waste Fibers Co, Inc.*, 809 F.2d. 1044, 1046-47 (4th Cir. 1987). Defendant's argument that counts fourteen and fifteen of the indictment are "supported by inference, supposition and inconclusory data" merely challenges the sufficiency of the evidence against him. The undersigned agrees with the United States' assertion that Defendant "misconstrues the nature and standard for dismissal of an indictment." Defendant is free to attack the government's case against him at trial, but this Court lacks the authority to dismiss portions of the indictment based on a claim of insufficient evidence.

Accordingly, the undersigned recommends that counts fourteen and fifteen of the indictment not be dismissed, and that Defendant's Motion to Dismiss be **DENIED**.

### III. RECOMMENDATION

The undersigned recommends that both the motion to dismiss and the motion to suppress witness statements be **DENIED.**

Any party who appears *pro se* and any counsel of record, as applicable, may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should be submitted to the District Court Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

DATED: September 18, 2013　　　　　　　　　　/s/ *James E. Seibert*
　　　　　　　　　　　　　　　　　　　　　　JAMES E. SEIBERT
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE