# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING

**ROCCI WADE,**

    Petitioner,

v.
                                              **CIVIL ACTION NO. 5:15-CV-80**
                                              **CRIM. ACTION NO. 5:13-CV-30-5**
                                              **(BAILEY)**

**UNITED STATES OF AMERICA,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Robert W. Trumble [Civ. Doc. 8 / Crim. Doc. 285].  Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed report and a recommendation ("R&R").  Magistrate Judge Trumble filed his R&R on August 24, 2016, wherein he recommends this Court dismiss the petitioner's § 2255 petition with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  **Thomas v. Arn**, 474 U.S. 140, 150 (1985).  In addition, failure to file timely objections constitutes a waiver of *de novo*

1

review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Trumble's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). After a brief extension, the petitioner timely filed his Objections [Civ. Doc. 16 / Crim. Doc. 295] on October 13, 2016. Accordingly, this Court will review the portions of the R&R to which the petitioner objects under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

### Discussion

The instant petition asserts counsel was ineffective. To demonstrate ineffective assistance of counsel, a petitioner must show that his "counsel's representation fell below an objective standard of reasonableness," and that the error was "prejudicial to the defense" such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Strickland v. Washington***, 466 U.S. 668, 688 (1984).

However, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." ***Strickland v. Washington***, 466 U.S. at 697.

Petitioner's first objection "objects to the entire body" of the R&R [Doc. 295 at 1].

2

Such a blanket objection does not warrant *de novo* review. "To the extent petitioner fails to point to a specific error in the R&R and simply makes conclusory objections, the Court need not conduct a *de novo* review. **Smith v. Washington Mut. Bank FA**, 308 F.App'x 707, 708 (4th Cir. 2009) ('The court need not conduct *de novo* review . . . "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."') (quoting ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982))." ***Cabbagestalk v. McFadden***, 2015 WL 4077211 (D.S.C. July 1, 2015). Accordingly, this objection is overruled.

The petitioner next objects that "the Government tainted the jury when it introduced DEA Agent Christopher Barbour's Testimony to the jury." [Doc. 295 at 2]. He asserts that the "testimony by Agent Barbour was dubious testimony (evidence) which had no competent support; and was unfairly prejudiced, which led the jury to believe that the agent possessed additional 'incriminating evidence' against petitioner which the jury did not have, and which was not available to the jury." He contends this testimony was unfairly prejudicial because "it induced the jury to believe the Agent possessed 'incriminating' evidence of petitioner's guilt which the jury did not have." Id. As it relates to the claim for ineffective assistance of counsel, he contends (1) counsel was deficient for failing to make the proper objections to the above and (2) that trial counsel was ineffective "when she failed to challenge the DEA agent's testimony for lack of any corroborating evidence to support the testimony." Id. at 3. Petitioner contends this all resulted in him being "unconstitutionally convicted, where otherwise he would not have been convicted." Id.

If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient

prejudice, which we expect will often be so, that course should be followed." ***Strickland v. Washington***, 466 U.S. at 697.  As the R&R correctly noted, Agent Barbour's testimony was offered by the Government for several purposes, not just as a "summary" witness.  For instance, he authenticated shipping records and laid a foundation for the intercepted telephone calls.  See [Doc. 198 at 49].  He participated in and explained the wiretap.  Id. at 44.  He testified about his participation in the search of co-defendant Diane Savage's home.  Id. at 48.  The summary testimony petitioner believes prejudiced his case involves Agent Barbour concluding that defendant Wade was the person texting and calling Savage to get pills.  Id. at 76.  When co-defendant Savage took the stand, however, she confirmed that Wade was in fact the person in the texts and phone calls and that he was requesting pills.  Id. at 117-21.  She testified that all of this communication related to drugs.  Id. at 118.  Therefore, even without Agent Barbour's summary testimony, co-defendant Savage provided sufficient testimony to confirm this information.  Accordingly, this Court finds no prejudice as a result.  This Objection is **OVERRULED**.

Petitioner's second objection claims that "during the trial, the prosecutor had all the prosecutor's witnesses in one room [and] direct[ed] those witnesses what they were to tell and were not to tell the jury."  He claims the witnesses were coached to not tell the full truth and to withhold all exculpatory evidence and fact from the jury, which deprived him of a fair trial.  As it relates to his claim of ineffective assistance of counsel, petitioner claims that trial counsel was fully aware of the above and failed to object to the same and failed to investigate into the alleged withheld exculpatory evidence.  This, petitioner claims, deprived him of a fair trial, effective assistance of counsel, and ultimately led to his conviction.  Id.

at 4.

Petitioner contends that he alone personally witnessed "all of the Government witnesses from his case in one room, being coached in their testimony and revising their stories together so they were all internally consistent." [Doc. 234 at 3]. To show prosecutorial misconduct, a defendant must show, "(1) that the prosecutor's remarks and conduct were, in fact, improper and (2) that such remarks or conduct prejudiced the defendant to such an extent as to deprive the defendant of a fair trial." ***United States v. Allen***, 491 F.3d 178, 191 (4th Cir. 2007). The petitioner fails to meet this burden. While petitioner claims that prosecutors directed witnesses to withhold exculpatory evidence from the jury, he fails to inform this Court what exculpatory evidence he believes was withheld. Therefore, this Court finds any alleged failure on counsel's part to bring this matter to the Court's attention is unfounded and would not have changed the outcome in this matter. This Court finds there was neither deficient performance nor prejudice. Accordingly, the petitioner's Objection is **OVERRULED**.

## Conclusion

Therefore, upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Civ. Doc. 8 / Crim. Doc. 285]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. The petitioner's Objections **[Civ. Doc. 16 / Crim. Doc. 295]** are **OVERRULED**. Further, the Motion for Hearing **[Civ. Doc. 17 / Crim. Doc. 296]** is **DENIED**. Accordingly, this Court **ORDERS** that the petitioner's § 2255 petition **[Civ. Doc. 1 / Crim. Doc. 234]** be **DENIED** and **DISMISSED WITH PREJUDICE**. This Court further **DIRECTS** the Clerk to enter

5

judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that Mr. Wade has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** October 26, 2016.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE